UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. 24-cr-10231-ADB |
| GELSON RODRIGUES, | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Defendant Gelson Rodrigues ("Defendant"), represented by new counsel, see [ECF No. 96]; [ECF No. 112], has filed a second motion to suppress evidence, [ECF No. 124], this time pertaining to audio recordings seized from a Ring camera located at 5 Argyle Road, Randolph, Massachusetts ("5 Argyle"). For the following reasons, the motion is **DENIED**.

## I. BACKGROUND

The parties do not dispute the relevant facts, which the Court previously summarized in its order on Defendant's first motion to suppress. See [ECF No. 86 at 1–4]. See generally [ECF No. 124 (reciting facts consistent with the Court's summary)]; [ECF No. 130 (same)]. As relevant here, the affidavit filed in support of the warrant used to obtain the at-issue recordings recounts the following. After discovering Defendant's wallet near the scene of a shooting in Randolph, see [ECF No. 130-1 ¶¶ 1–7], Randolph police went to two houses that their files suggested were connected to him, [id. ¶¶ 8–9], including 5 Argyle, where they found a distinctive car matching one seen at the scene of the shooting, [id. ¶¶ 9–10]. After setting up a

perimeter, [id. ¶ 9], they saw somebody move the car and cover it with a tarp, [id. ¶ 10]. Shortly after that, Defendant left 5 Argyle in a different car, and was stopped and arrested by Randolph police, who also froze 5 Argyle pending a warrant. [Id. ¶ 11]. Supported by the above facts, Detective Matthew Rodman of the Randolph police applied for a search warrant "to view the video surveillance files, to include audio, captured through the Vivint security system and Ring doorbell camera, affixed to 5 Argyle . . . for the time period of 10/07/2023 12:01 a.m. . . . [to] 10/08/2023 11:59 p.m." [Id. ¶ 13]. A warrant issued on October 12, 2023, [ECF No. 130-1 at 1], and the government obtained video and audio files, see generally [ECF No. 130-3], which turned out to contain a variety of "animated" and potentially inculpatory statements by Defendant and another person, [ECF No. 130 at 2].

## II. DISCUSSION

Defendant seeks to suppress the audio from those recordings on the basis that (1) the search warrant application only requested video, not audio,[1] and (2) there was no probable cause to issue a warrant for audio from the Ring camera. [ECF No. 124 at 3–4]. The government opposes suppression.[2]

[1] This contention appears to result from Defendant mistakenly referring to a different search warrant application, see [ECF No. 130 at 3 n.3]; compare [ECF No. 130-1 ¶ 13 (referring to "the video surveillance files, to include audio")], with [ECF No. 124-3 ¶ 12 (referring to "any video surveillance storage equipment located at the residence")]. Given the clear reference to audio in the correct search warrant application, the Court does not devote any further attention to this apparently erroneous contention.

[2] Defendant filed a reply brief on October 8, 2026, [ECF No. 131], in which he raises arguments related to his Fourth Amendment standing, [id. at 1–11], and to the inevitable discovery and independent source exceptions to the exclusionary rule, [id. at 11–14], all for the first time. Compare [ECF No. 124], with [ECF No. 131]. The Court will omit discussion of these arguments, as "[a]rguments raised for the first time in a reply brief are ordinarily deemed waived," Seafreeze Shoreside, Inc. v. U.S. Dep't of the Interior, 123 F.4th 1, 23 n.9 (1st Cir. 2024) (citing Lahens v. AT&T Mobility P.R., Inc., 28 F.4th 325, 328 n.1 (1st Cir. 2022)), though will note that, had Defendant raised the arguments earlier, they would not have changed the analysis or result herein.

First, the government argues that Defendant has not shown good cause for filing a second motion to suppress. See [ECF No. 130 at 4–5 (citing Fed. R. Crim. P. 12(c)(3))]. The Court will accept, on the limited facts of this case, that Defendant's change in counsel amounts to good cause to excuse the untimeliness of Defendant's motion.

Next, the government argues that Defendant lacks Fourth Amendment standing to challenge the search of the Ring camera and seizure of the audio. [ECF No. 130 at 5–10]. Although standing seems dubious, for purposes of this motion, the Court will assume, without deciding, that Defendant has Fourth Amendment standing. See United States v. Vick, 145 F.4th 191, 199 n.2 (1st Cir. 2025) ("[B]ecause Fourth Amendment 'standing' is not jurisdictional, we may assume that [Defendant] [had standing] . . . , and we will consider his arguments . . . on the merits.'").

On the merits, the government contends that the warrant was supported by probable cause, [ECF No. 130 at 10–13], and that even if it was not, the good-faith exception to the exclusionary rule applies, [id. at 13–16]. The Court finds both that the warrant was supported by probable cause, and that if it were not, the good faith exception would nonetheless apply.

"[T]he probable cause standard is not a high bar . . . ." United States v. Cortez, 108 F.4th 1, 8 (1st Cir. 2024) (alteration in original) (quoting United States v. Sheehan, 70 F.4th 36, 44 (1st Cir. 2023)). The Court examines "the totality of the circumstances," id. (citation modified) (quoting United States v. Sylvestre, 78 F.4th 28, 33 (1st Cir. 2023)), "based on the facts and supported opinions set out within the four corners of the affidavit," id. (citation modified) (quoting United States v. Corleto, 56 F.4th 169, 175 (1st Cir. 2022)). There must be both probable cause to believe that a crime was committed, and, as relevant here, a nexus with the place to be searched. Id. Further, courts "accord considerable deference to reasonable

inferences the issuing justice may have drawn from the attesting facts and, in a doubtful or marginal case, . . . defer to the issuing magistrate's determination of probable cause," id. at 7 (citation modified) (quoting United States v. Barnard, 299 F.3d 90, 93 (1st Cir. 2002)).

Under this standard, the Court is satisfied that there was probable cause to support a warrant for audio, as well as video, recordings. Defendant does not dispute that there was probable cause that a crime had been committed, and the nexus element requires only "a fair probability," United States v. Gonzalez, 113 F.4th 140, 148 (1st Cir. 2024) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)), or "reasonable likelihood," id. (quoting United States v. Rivera, 825 F.3d 59, 63 (1st Cir. 2016)), "that contraband or evidence of a crime will be found in a particular place," id. (quoting Gates, 462 U.S. at 238). The affidavit in support of the warrant states that both Defendant—"the owner of the wallet that was located in close proximity to the shooting scene," [ECF No. 130-1 ¶ 11]—and a vehicle matching the description of the vehicle at the scene, [id. ¶ 9], were found near 5 Argyle in the aftermath of the shooting. The affidavit further stated that the search warrant was intended to "include audio," [id. ¶ 13],[3] and that the evidence sought would enable officers to "view activity around the above address before, during and after the shooting event," [id.].

The affidavit thus laid out a reasonable chain of inferences suggesting that it was likely that video and audio recording from the area around 5 Argyle before, during, and after the shooting would contain evidence of a crime and document Defendant's activity around the time of the crime. The Court, particularly in light of the "reasonable inferences the issuing justice

[3] For this reason, the instant case is plainly distinguishable from the case on which Defendant relies, United States v. Cruz, No. 17-cr-40045, 2020 WL 1289748 (D. Mass. Mar. 18, 2020), in which "[t]he officers did not seek audio recording because they did not want to apply for a Title III wiretap and clearly stated on the warrant application that the recording would be video only," id. at *1. See [ECF No. 124 at 6 (calling Cruz "[t]he most similar case to this one")].

may have drawn from the attested facts," Barnard, 299 F.3d 90, 93 (1st Cir. 2002) (citation modified), is satisfied that the warrant was supported by probable cause.

Even assuming that there was not probable cause to obtain the audio portions of the Ring camera recording, suppression would be denied based on the good-faith exception. See Gonzalez, 113 F.4th at 147 (citing United States v. Leon, 468 U.S. 897, 925 (1984)) ("[W]e assume arguendo that the affidavit failed to establish probable cause . . . [and] focus our analysis instead on 'consideration of the officers' good faith.'"). Because the purpose of the exclusionary rule is deterrence of police misconduct, "[t]o trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system." Gonzalez, 113 F.4th at 148–49 (alteration in original) (quoting Herring v. United States, 555 U.S. 135, 144 (2009)). If the government carries "the 'heavy burden' of showing that its officers acted with objective good faith" that their conduct was lawful, exclusion is not warranted, even if the evidence was unlawfully obtained. Id. at 149 (quoting United States v. Wurie, 728 F.3d 1, 13 (1st Cir. 2013)).

Defendant contends that, as to the audio recordings in particular, the affidavit in support of the Ring camera warrant was "so lacking in indicia of probable cause as to render [the officers'] belief in its existence entirely unreasonable." [ECF No. 124 at 5 (quoting Leon, 468 U.S. at 923)]. For the reasons explained above, the Court cannot conclude—even assuming arguendo that the warrant lacked probable cause—that the officers' mistaken reliance on the warrant would have been "sufficiently deliberate that exclusion [of the audio] can meaningfully deter it" or "sufficiently culpable that such deterrence is worth the price paid by the justice system," Gonzalez, 113 F.4th at 148–49 (quoting Herring, 555 U.S. at 144). The good-faith exception would thus prevent exclusion even if the warrant was not supported by probable cause.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to suppress, [ECF No. 124], is **DENIED**.

**SO ORDERED.**

October 16, 2026

*/s/ Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE